# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

KELVIN D. BODLEY,

                    **Plaintiff,**

-vs-                                            **Case No.  6:02-cv-851-Orl-18KRS**

BOARD OF COUNTY COMMISSIONERS
OF ORANGE COUNTY, FLORIDA,
RICHARD CROTTY,

                    **Defendants.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **DEFENDANT, ORANGE COUNTY, FLORIDA'S MOTION FOR ATTORNEY FEES (Doc. No. 58)** |
| **FILED:** | **March 31, 2004** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED** in part.

## I.    PROCEDURAL HISTORY.

On July 26, 2002, the plaintiff, Kelvin Bodley, filed a complaint against the Orange County Board of Commissioners and Richard Crotty (collectively, the County) alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* (Title VII), and the Florida Civil Rights Act, section 760.01 *et seq.*, Florida Statutes (FCRA).  Doc. No. 1.  Bodley, a former County

employee, alleged that the County discriminated against him on the basis of his race,[1] harassed him because of his race, and retaliated against him for engaging in activities that Title VII protects. Doc. No. 1.  Specifically, Bodley alleged that white County employees were promoted ahead of him, that he was paid less than white employees for similar work, and that his supervisors ostracized him and harassed him on account of his race and on account of his complaints of discrimination.  Doc. No. 1.  The parties engaged in court-ordered mediation on November 14, 2003.  Doc. No. 58 ¶ 3.  The County offered to settle Bodley's claims for $5,000.00, but Bodley refused this offer.  *Id.*  On February 12, 2004, Bodley filed a voluntary dismissal with prejudice of his racial harassment claim.  Doc. No. 40.  The County stipulated to this dismissal, and reserved its right to seek an award to reimburse the attorneys' fees it incurred in litigating the racial harassment claim.  Doc. No. 41.

On December 2, 2003, the County moved for summary judgment against Bodley on the theory that he had failed to establish any *prima facie* violations of Title VII.  Doc. No.  21. Subsequently, on March 17, 2004, the Honorable Kendall G. Sharp, the presiding district judge, entered an order granting the County's motion, and the clerk of court entered a judgment in favor of the County on the same day.  Doc. Nos. 54, 55.

Bodley's claims alleged violations of Title VII and the FCRA based on the following: (1) the promotion and higher pay of white employees who were similarly situated to him; (2) the assignment of white employees to more favorable paygrades than him; (3) the Equal Employment Opportunity Commission's (EEOC) failure to properly investigate his claims of discrimination;

---

[1]  Bodley is African-American.

and (4) retaliation for his complaints of discrimination, which consisted of failing to promote him and creating a hostile work environment.  Doc. No. 1.

In his order, Judge Sharp found that Bodley failed to present a *prima facie* case of discrimination under any of his various theories of liability.  Judge Sharp concluded that Bodley failed to establish that he was subjected to worse treatment with respect to pay, because there was no evidence that non-African-American employees similarly situated to Bodley received greater amounts of pay than he did.  Doc. No. 54 at 6.  Moreover, Judge Sharp found that the employees to which Bodley compared himself were in positions that did not involve work which was "substantially identical" to Bodley's.  *Id.*  Next, Judge Sharp found that Bodley failed to establish a *prima facie* case of discrimination with respect to his paygrade, because he provided no explanation for how the County's paygrade system worked or how, applied in his case, discrimination occurred with respect to his paygrade.  Doc. No. 54 at 7.  Judge Sharp further found that Bodley failed to demonstrate that the Equal Employment Opportunity Commission (EEOC) failed to investigate his charges of discrimination regarding promotions.  Doc. No. 54 at 8.

Judge Sharp also found that Bodley failed to establish his *prima facie* retaliation claims.  First, Judge Sharp noted that, by Bodley's own admission, some of the alleged retaliatory actions occurred before he had engaged in any protected activity.  Doc. No. 54 at 14.  Second, Judge Sharp found that Bodley's argument that the County retaliated by failing to promote him was precluded by the fact that Bodley failed to include this allegation in his initial EEOC complaint.  Doc. No. 54 at 15.  Finally, Judge Sharp found that Bodley had failed to establish a *prima facie* causal link between the County's transferring him to another position and his engaging in protected activities.  Doc. No. 54 at 17.

Bodley appealed from the summary judgment order, and the United States Court of Appeals for the Eleventh Circuit affirmed Judge Sharp's grant of summary judgment. The court found that "[b]ecause Bodley failed to establish a sufficient causal connection between a protected activity and an adverse employment action . . . the district court did not err in granting the [County's] motion for summary judgment." Doc. No. 65 ex. 1.

The County now seeks a determination that it is entitled to an award of attorneys' fees pursuant to 42 U.S.C. § 2000e-5(k), 42 U.S.C. § 1988, and Middle District of Florida Local Rule 4.18.[2] The County timely filed its initial motion for attorneys' fees within fourteen days from entry of judgment by the district court. Doc. No. 58. I denied this motion without prejudice pending resolution of the appeal of the summary judgment order. The County renewed its motion for attorneys' fees after the Eleventh Circuit entered its decision. Doc. Nos. 65, 66. Bodley did not respond to the present motion, despite having been given additional time and notice of his right to do so. Doc. No. 66.

Judge Sharp referred the renewed motion for an award of attorneys' fees and costs to me for issuance of a report and recommendation.

## II.   STANDARDS OF REVIEW.

A prevailing defendant in a Title VII case may only be awarded attorneys' fees if the plaintiff's claim "was frivolous, unreasonable, or groundless," or, in the event "that the plaintiff continued to litigate after it clearly became so." *Christiansburg Garment Co. v. EEOC,* 434 U.S.

---

[2]  The County also sought an award of costs pursuant to Federal Rule of Civil Procedure 54 and 28 U.S.C. § 1920. Doc. No. 58. The Clerk of Court taxed these costs on April 1, 2004. Doc. No. 60.

412, 422 (1978); *see also Hughes v. Rowe,* 449 U.S. 5, 14 (1980).  A claim is frivolous if it lacks

an arguable basis in law or fact.  *Neitzke v. Williams,* 490 U.S. 319, 325 (1989).

 The United States Court of Appeals for the Eleventh Circuit considers the following factors

to be important in determining whether a claim is frivolous: (1) whether the plaintiff established a

*prima facie* case;  (2) whether the defendant offered to settle; and (3) whether the trial court

dismissed the case prior to trial or held a full-blown trial on the merits.  *Sullivan v. Sch. Bd. of*

*Pinellas County,* 773 F.2d 1182, 1189 (11th Cir. 1985).  When plaintiffs produce evidence

sufficient to support their claims, findings of frivolity typically do not stand.  *Id.* (citing *White v.*

*South Park Indep. Sch. Dist.,* 693 F.2d 1163 (5th Cir. 1982); *Plemer v. Parsons-Gilbane,* 713 F.2d

1127 (5th Cir. 1983)).

 Determinations of frivolity are to be made on a case-by-case basis.  *Sullivan,* 773 F.2d at

1189.  In *Christiansburg*, the Supreme Court cautioned as follows:

> it is important that a district court resist the understandable
> temptation to engage in *post hoc* reasoning by concluding that,
> because a plaintiff did not ultimately prevail, his action must have
> been unreasonable or without foundation.  This kind of hindsight
> logic could discourage all but the most airtight claims, for seldom
> can a prospective plaintiff be sure of ultimate success.  No matter
> how honest one's belief that he has been the victim of
> discrimination, no matter how meritorious one's claim may appear at
> the outset, the course of litigation is rarely predictable.

*Christiansburg,* 434 U.S. at 421-22.  A plaintiff's claim "should not be considered groundless or

without foundation for the purpose of awarding fees to a prevailing defendant when the claims are

meritorious enough to receive careful attention and review."  *Walker v. Nationsbank of Fla. N.A.,*

53 F.3d 1548, 1559 (11th Cir.  1995) (citing *Busby v. City of Orlando,* 931 F.2d 764, 787 (11th

Cir. 1991); *O'Neal v. DeKalb County, Ga.,* 850 F.2d 653, 658 (11th Cir. 1988)).

III.     **ANALYSIS.**

To determine whether Bodley's claims were "frivolous, unreasonable, or groundless," *Christiansburg Garment Co.,* 434 U.S. at 422, I will address the following factors: (1) whether the plaintiff established a *prima facie* case;  (2) whether the defendant offered to settle; and (3) whether the trial court dismissed the case prior to trial or held a full-blown trial on the merits. *Sullivan*, 773 F.2d at 1189.

A.     *Prima Facie Case.*

Based upon the decisions by Judge Sharp and the Eleventh Circuit, there is no dispute that Bodley did not establish a *prima facie* case to support any of his claims.  Furthermore, in his summary judgment order, Judge Sharp found that, in almost every respect, Bodley presented no evidence in support of his claims.  Thus, the first *Sullivan* factor militates in favor of a finding that Bodley's claims were frivolous.

B.     *Settlement Offer.*

When a defendant makes only a nominal settlement offer, which is aimed purely at avoiding the expenses of protracted litigation, this factor militates in favor of a finding that the plaintiff's claims are frivolous. *Cordoba v. Dillard's, Inc.*, No. 6:01-CV-1132-ORL-19-KRS, 2003 WL 21499011, at *6 (M.D. Fla. June 12, 2003).  Three amounts must be compared to determine whether a settlement offer is nominal: (1) what the plaintiff demanded; (2) what the defendant offered as a settlement; and (3) what the defendant expected to save in legal expenses by settling rather than continuing to litigate. *Id.*  For example, in *Corboda*, this Court held that the that a settlement offer which was 1.1% of the amount the plaintiff sought in damages was nominal. *Id.*

The County offered to settle the case for $5,000, and Bodley sought an award of $350,000. Doc. No. 58 ¶¶ 3, 5.[3] Thus, the settlement offer was 1.4% of the total fees Bodley sought. Following *Cordoba*, which held that a 1.1% figure indicated a nominal settlement offer, I find that the County's offer was nominal and, therefore, that the second factor militates in favor of a finding of frivolity.

C.    *Stage of Litigation.*

Judge Sharp disposed of this case with an order of summary judgment, prior to a full-blown trial on the merits, which militates in favor of a finding that Bodley's claims were frivolous. *Sullivan*, 773 F.2d at 1189.  Thus, the third *Sullivan* factor militates in favor of a finding that Bodley's claims were frivolous.

D.    *Conclusion.*

All three of the *Sullivan* frivolity factors militate in favor of a finding that Bodley's claims were frivolous.  Accordingly, I recommend that the Court find that Bodley's claims were frivolous and that the County is entitled to attorneys' fees.  The County requests "an opportunity to submit to this Court the necessary documentation and affidavits to delineate the amount of attorneys' fees Orange County has incurred . . . ."  Doc. No. 58 ¶ 13.

IV.    **RECOMMENDATION.**

I respectfully recommend that Defendant, Orange County, Florida's Motion for Attorney Fees (Doc. No. 58), be **GRANTED**.  I further recommend that the County be required to confer

---

[3]  It is not clear what the appropriate third amount, regarding the legal expenses which settling would have saved the defendant, is in this case.  Although the County offers an estimate of the attorneys' fees it incurred in this case, it has not yet offered any explanation for how it arrived at that figure.  Doc. No. 58 ¶ 12.  Therefore, I analyze the second frivolity factor based only on the amount which Bodley demanded and the amount of the County's settlement offer.

with the plaintiff and his counsel in a good faith effort to resolve the amount of attorneys' fees to be paid.  If the parties fail to resolve the issue, I recommend that the County be given leave to file a motion for assessment of attorneys' fees, supported by evidence in the form required by *Norman v. Housing Authority*, 836 F.2d 1292 (11th Cir.  1988), within thirty (30) days after the Court's ruling on this Report and Recommendation.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on June 8, 2005.

*Karla R. Spaulding*

KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy